IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-08-CR-289 LY |
| | § | |
| DESMOND BIAS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on June 11, 2012, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.   PROCEDURAL BACKGROUND

On April 2, 2009, Judge Yeakel sentenced the Defendant to 23 months of imprisonment, followed by three years of supervised release, for possessing a firearm after a felony conviction, and possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(g) and 922(k). On May 6, 2010, the Defendant was released from the Bureau of Prisons and commenced his supervised release term. The Defendant's primary issues on supervision have been his lack of employment and drug use. He tested positive for use of cocaine in June 2011, and the Court took no action at that time, though the Defendant's supervision and drug testing frequency was increased. On February 24, 2012, the probation officer made an unscheduled home visit on the Defendant and

noted that the Defendant had a bite mark on his face and appeared to have been in a fight. The Defendant stated that the day before he had been attacked at a gas station by three men while buying gas. He stated that he did not know his assailants. When the probation officer visited the gas station, and viewed the surveillance videotapes, he could not find that any altercation had taken place as reported by the Defendant.

In April 2012, the Defendant applied for employment with a construction company in Giddings, Texas. As part of the application process, the Defendant was drug tested. His results came back positive for cocaine and PCP. The Defendant informed the employer that he had tested positive for cocaine use in June of 2011, but not PCP. The employer called the probation office to confirm that, and when the information was confirmed, decided to hire the Defendant, but the Defendant would have to provide a urine specimen for additional confirmation. A specimen was collected on April 19, 2012, and came back a week later positive for PCP. The Defendant was terminated as a result, and the probation office was informed of the positive test result. On April 27, 2012, the Defendant reported to the probation office, and was required to wear a sweat patch over the next several weeks. Sweat patches removed from the Defendant on May 3, May 10, and May 17, 2012, all tested positive for PCP.

On May 29, 2012, based on the above, the Probation Office submitted its petition alleging that the Defendant violated his conditions by using narcotics. The undersigned authorized the issuance of a warrant the next day. The Defendant was arrested on that warrant on June 1, 2012. On June 11, 2012, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18

U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the petition.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights.

11. The Defendant violated conditions of his supervised release by testing positive for the use of PCP.

## III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the

intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is IV, resulting in an (advisory) guideline range of 8 to 14 months of imprisonment. Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 6 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of June, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE